The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: (1) In view of 70 O.S. 2-101 [70-2-101] and 70 O.S. 2-102 [70-2-102] (1974), is it required that a voter sign his name and address in the pollbook before being issued a ballot to vote in a school district election ? (2) If any portion of this information (name or address) is not required in the pollbook, has the voter cast a legal ballot? (3) In the event the voter has cast an illegal ballot, will this invalidate the election; is it jurisdictional or does it make the election subject to the mathematical certainty rule? 70 O.S. 2-101 [70-2-101] through 70 O.S. 2-108 [70-2-108] (1971), as amended, are part of the School Code of 1971 and provide for school district elections. 70 O.S. 2-101 [70-2-101] (1974), provides in pertinent part: ". . . The board of education shall provide the poll books and other necessary forms for conducting the election. The said pollbook shall provide space for the voter to sign his name and address, which information must be given in full before he can vote in any school election . . . ." (Emphasis added) 70 O.S. 2-102 [70-2-102] (1974), provides in part: ". . . Before being issued ballots for a school district election, each voter shall sign his name in a pollbook, said signature to constitute a sworn affidavit on the part of the voter that he is eligible to vote at the election . . . ." (Emphasis added) Your first question is answered in the affirmative by the clear and unambiguous language of 70 O.S. 2-101 [70-2-101] cited above which is reasonably interpreted to mean that such voter must sign his/her name and address in the pollbook before being issued a ballot. Indeed, legislative provisions must be interpreted in accordance with their plain and ordinary meaning according to the import of the language used therein. Alfalfa Elec. Coop., Inc. v. First Nat. Bank and Trust Co. of Oklahoma City, Okl., 625 P.2d 644
(1974). And, while the portion of 70 O.S. 2-102 [70-2-102] cited above might indicate, by itself, that only the voter's signature need be placed in the poll book, 70 O.S. 2-102 [70-2-102] can be read together consistently with 70 O.S. 2-101 [70-2-101] which requires both types of information be given. See Smith v. Southwestern Bell Tel. Co., Okl., 349 P.2d 646 (1960). 70 O.S. 2-102 [70-2-102] was not intended to set forth all the information required of the voter but merely provides, in accordance with general election law, that part of the information required, i.e., the voter's signature, shall constitute an affidavit of eligibility. With respect to your second and third questions, the failure, for any reason, to acquire both the name and address of each voter in the pollbook would constitute an irregularity which could potentially form the basis of an election contest. See 26 O.S. 8-120 [26-8-120] (1974). Indeed, election officials would not have complete voter information in the pollbook as required by statute relative to or corresponding with each and every ballot cast. However, the determination of whether such failure would serve to void the election is a factual question dependent upon the specific facts of each particular case. As stated in Edmondson v. State ex rel. Phelps, Okl., 533 P.2d 604 (1974): ". . . Although election officials should not permit election irregularities, whether an irregularity or several irregularities void an election depend upon the circumstances in each particular case. An election irregularity in one election might be sufficient to void an election for one particular office but not sufficient to void the election for another office." (Emphasis added) See also Sparks v. State Election Board, Okl., 392 P.2d 711
(1964). As further stated in Baggett v. State Election Board, Okl., 501 P.2d 817 (1972): "The fact that a contestant proves that illegal ballots have been cast and the number of illegal ballots cast is sufficient to change the results of the election does not necessarily mean that the election should be declared void. If competent evidence can be introduced establishing that in spite of the illegal ballots cast, it may be determined with mathematical certainty which candidate received the majority of the legal votes cast, the State Election Board should issue its certificate of election." (Emphasis added) See also 26 O.S. 8-120 [26-8-120] (1974). Accordingly, it is the official opinion of the Attorney General that your questions be answered as follows: (1) Pursuant to 70 O.S. 2-101 [70-2-101] and 70 O.S. 2-102 [70-2-102] (1974), a voter desiring to vote in a school district election must sign his/her name and address in the pollbook before being issued a ballot. (2) Whether the failure to acquire all of such information from those desiring to vote will serve to void the election depends upon a review of all the facts and circumstances in each particular case. (BRENT S. HAYNIE) (ksg)